■ FRANKLIN P. GAVIN, Appellant, v DANIEL H. MAHONEY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered April 1, 1976 in Albany County, which granted a motion by defendant for summary judgment dismissing the complaint. This action arises out of an alleged contract under which plaintiff agreed to serve as trial counsel for defendant in a case before the Court of Claims. Plaintiff alleges that he was to receive one half of any fee resulting from a recovery by defendant's client in the action, as well as one half of the fee (alleged to be $3,333.33) resulting from the recovery of $10,000 on behalf of the same client against a different defendant in an action in Supreme Court. The case was tried in October, 1966, with plaintiff serving as trial counsel, and resulted in a verdict of $35,000 in favor of defendant's client. The State, as defendant in the Court of Claims action, filed a notice of appeal on April 18, 1967 and, after negotiation, settled with defendant's client on June 18, 1968 in the amount of $23,500. The settlement was affirmed by court order dated April 29, 1969. The order entitled defendant to collect $7,833.13 for legal services provided in the case. Although defendant admits plaintiff's role in the conduct of the trial, he contends that plaintiff was required to conduct the settlement negotiations in full, but failed to do so. The problem arises from the fact that on May 20, 1968 this court suspended plaintiff from the practice of law for a period of 18 months. The suspension took effect December 11 of that year, after the date of the alleged settlement of the Court of Claims action but prior to judicial approval thereof. This court denied plaintiff's petition for reinstatement by order dated May 3, 1972. The latter order provided in part: "that respondent [plaintiff herein] may not share in any fee for legal services performed by another attorney during the period of his suspension, but may be compensated on a *quantum meruit* basis for legal services rendered and disbursements incurred by him prior to the effective date of his suspension. *In the absence of agreement,* the amount and manner of payment of such compensation and recoverable disbursements shall be fixed by the court on the application of either respondent or the new attorney, on notice to the other as well as on notice to the client" (emphasis added). The order must be reversed. It is not disputed that plaintiff is entitled to the recovery of fees for services rendered prior to his suspension. The clear object of our order of May 3, 1972 was to provide a formula for determination of the amount in the absence of any contractual agreement as to that amount. Defendant does not deny that there was an agreement; this action was brought to interpret and apply that agreement. There is nothing in our order of May 3, 1972 which stands as an obstacle to such an action. To the extent that defendant alleges that services required of plaintiff were not

completed, wherefore plaintiff is not entitled to payment in accordance with the terms of the agreement, this clearly raises a question of fact which in any event precludes the granting of summary judgment. The failure of plaintiff to perform all required services is a matter of partial defense which must be proven at trial. Order reversed, on the law, and matter remitted to Special Term for further proceedings, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.